UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:18-CR-14016-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARTHUR JOHN KRANZ,

    Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE
RENEWED MOTION FOR COMPASSIONATE RELEASE**

This cause comes before the Court upon Defendant Arthur Kranz's ("Kranz") Renewed Motion for Compassionate Release. DE 165. Kranz seeks to be released from prison under 18 U.S.C. § 3582(c)(1)(A)(i) and for the remainder of his sentence to be converted to home confinement. He presently is confined at FCI Butner Low serving a 51-month sentence after pleading guilty to mail fraud, wire fraud, failure to disclose an event affecting the right to payment, two counts of theft of government funds, and four counts of evasion of income tax. *See* DE 142. The Court has carefully reviewed the Motion for Compassionate Release, the Government's Response, Kranz's Reply, his supplemental submissions, and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is denied without prejudice.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

>upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).  The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*  In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist.  *See* U.S.S.G. § 1B1.13 (policy statement), application note 1.  One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii)(I). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, application note 1(D).

As an initial matter, the Court denied without prejudice Kranz's first Motion for release based on his failure to demonstrate that he had exhausted administrative remedies. DE 162. The Government concedes that he exhausted administrative remedies before filing the instant Motion. DE 169 at 10.

2

Kranz seeks release in light of the COVID-19 pandemic and his preexisting medical conditions. He is 61 years' old. The Court has reviewed the medical records that he submitted to evidence his medical conditions. For privacy reasons, the Court will not discuss those conditions in detail here. It is sufficient to say that he suffers from physical conditions that, according to the Center for Disease Control, place him at an increase risk of severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 9, 2020). He also suffers from mental health conditions.

The Government argues that Kranz is receiving necessary medical treatment in Bureau of Prisons ("BOP") custody, that his health is "constantly" monitored, and that his medical conditions are "under control." The Government maintains that, in fact, his health has benefited from the care that he is receiving in BOP custody. The Government points to evidence that, on at least one occasion prior to entering custody, he appeared to be disheveled and homeless and was not "corresponding like a normal person would be corresponding." *See* DE 124 at 135-36. Kranz has not responded to these arguments and does not dispute that he is benefiting from the medical treatment he is receiving in BOP custody.

At the same time, FCI Butner Low is currently reporting only one active inmate case of COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited Oct. 9, 2020). The BOP has implemented numerous procedures to mitigate the spread of COVID-19 in its facilities. *See* https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Oct. 9, 2020). These procedures include screening inmates, staff, and contractors; isolating inmates under certain circumstances; suspending or restricting visits and unnecessary inmate movement; and modifying operations to maximize social distancing. *See id.* While it is understandable that Kranz has a

legitimate concern about the spread of COVID-19 at FCI Butner Low, the Court has been presented with no information to indicate that the BOP's mitigation measures will be ineffective at that facility. The parties agree that, earlier this year. FCI Butner Low had many more inmate cases of COVID-19. The fact that the facility is reporting only one active inmate case at this time may indicate that the mitigation measures being implemented are effective.

The Court is sympathetic to the hardships that imprisonment creates, especially during the COVID-19 pandemic. However, based on this record, the Court cannot conclude that Kranz suffers from a serious medical condition that substantially diminishes his ability to provide self-care within the prison environment. *See* U.S.S.G. § 1B1.13, application note 1(A)(ii)(I). He has provided no extraordinary and compelling reasons, as defined under the law, that justify a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13, application note 1.

Even if Kranz did present extraordinary and compelling reasons for a reduction of his sentence, a reduction is not consistent with the § 3553(a) sentencing factors. *See* 18 U.S.C. § 3553(a); *id.* § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence). The Court has reviewed the circumstances of his crimes, which spanned many years and involved the receipt of disability benefits while he was employed. Kranz used corporations that he created and used his relatives, including his minor son, to conceal the fact that he was employed. His crimes required extensive planning. After he pled guilty to the crimes, he made several false statements when applying for Social Security benefits, leading the Court to revoke his bond and to denying him an acceptance-of-responsibility adjustment for the purpose of sentencing.

The 51-month sentence that Kranz received represented a downward variance from the guideline range of 63 to 78 months. The Court determined that a variance was appropriate in part due to his physical, emotional, and mental health conditions. He has served less than one-half of the sentence thus far. His release is not consistent with his history and characteristics, the nature and circumstances of his crimes, or the need for a sentence to reflect the seriousness of the crimes, promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a).

For all of these reasons, it is **ORDERED AND ADJUDGED** that Defendant Arthur Kranz's Renewed Motion for Compassionate Release [DE 165] is **DENIED WITHOUT PREJUDICE**. His Motion to Seal Medical Records [DE 168] is **GRANTED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 9th day of October, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record